FREDERICK A. PATMON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patmon v. Commissioner
Docket No. 8287-89
United States Tax Court
T.C. Memo 1991-113; 1991 Tax Ct. Memo LEXIS 137; 61 T.C.M. (CCH) 2155; T.C.M. (RIA) 91113; March 14, 1991, Filed *137 Decision will be entered for the respondent. Hallison H. Young, for the petitioner. Elias T. Majoros, for the respondent. PARKER, Judge. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in, and additions to, petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) Sec. 6653(a)(1) Sec. 6653(a)(2)
1982
$ 25,015.23
$ 6,253.81  $ 1,250.76  *
1983
22,636.63
5,659.16
1,131.83
*
Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years before the Court, and all rule references are to the Tax Court Rules of Practice and Procedure. The issues are: (1) Whether petitioner is entitled to certain Schedule C losses claimed on two separate Schedule C forms each year; (2) Whether petitioner is entitled to certain other losses claimed on *138 line 21 of his Form 1040 each year; (3) Whether petitioner is entitled to certain partnership losses claimed on Schedule E forms each year; (4) Whether petitioner is entitled to an investment tax credit for 1982 and to carryovers of unused investment tax credits for both 1982 and 1983; (5) Whether petitioner is liable for self-employment tax for income reported on a third Schedule C form each year; (6) Whether petitioner is liable for additions to tax for late filing under section 6651(a)(1) and for negligence under section 6653(a)(1) and (a)(2) each year. FINDINGS OF FACT There is no stipulation of facts in this case. Petitioner Frederick A. Patmon (hereinafter petitioner) did not appear or testify at the trial. [1]
*139 At the time the petition was filed in this case, petitioner resided in Detroit, Michigan. Petitioner elected and adopted the calendar year as his taxable year for purposes of computing his taxable income and making his returns for the years 1982 and 1983. Petitioner filed his U.S. Individual Income Tax Returns, Forms 1040, with the Internal Revenue Service Center at Cincinnati, Ohio. His 1982 return was filed on October 6, 1986, and his 1983 return was filed on February 19, 1986. Petitioner had not obtained any extensions of time for the filing of his 1982 and 1983 returns. Attached to petitioner's 1982 tax return were three Schedule C forms. Each Schedule C contained only petitioner's name and a single figure labeled "net all costs/expenses." [2] *141 Those three figures were as follows: ( 41,755) (266,904) 35,956.27
There is no evidence in the record to support the losses claimed on the two Schedule C's. [3] There is no evidence in the record as to the nature of the net income figure claimed on the third Schedule C. Also on line 21 of the 1982 Form 1040 entitled "Other income," petitioner listed $ 21,566.38 and ($ 68,810.00) and claimed a net loss of ($ 47,243.62). *140 There is no evidence to establish the nature of such income or to substantiate the amount or to establish the deductibility of the purported loss. On line 43 of the 1982 Form 1040, petitioner listed an investment credit of $ 110,638.04. The attached Form 3468, Computation of Investment Credit, indicates that this figure is made up of a claimed current year regular investment credit of $ 2,671.04 and a claimed carryover of unused credits of $ 107,697.00 (sic -- apparently should be $ 107,967.00). There is no evidence to substantiate the amount or to establish the allowability of either the current investment credit or the carryover of unused credits. On the Schedule E attached to petitioner's 1982 return, a net partnership loss of ($ 29,278) is claimed. There is no evidence to substantiate the amount or to establish the deductibility of the purported partnership loss. [4]
Attached to petitioner's 1983 tax return were three Schedule C forms. Each Schedule C contained only petitioner's name and a single figure labeled "Net all costs/expenses" (see supra note 2) as follows: ( 41,755) (254,772) 36,642.48
There is no evidence in the record to support the losses claimed on the two Schedule C's. There is no evidence in the record as to the nature of the net income figure claimed on the third Schedule C. Also, on line 21 of the 1983 Form 1040 entitled "Other income," petitioner listed $ 18,949 and ($ 319,539.35). There is no evidence to establish the nature of such income or to substantiate the amount *142 or to establish the deductibility of the purported loss. On line 43 of the 1983 Form 1040, petitioner listed an investment credit of $ 107,967, a claimed carryover of unused credits. There is no evidence to substantiate the amount or to establish the allowability of the claimed carryover. On the Schedule E attached to petitioner's 1983 return, a net partnership loss of ($ 36,995) is claimed. There is no evidence to substantiate the amount or to establish the deductibility of the purported partnership loss. See supra note 4. In each year on Schedule SE, Computation of Social Security Self-Employment Tax, petitioner reduced the net income reported on the one Schedule C by the net loss figures claimed on the other two Schedule C's. Thus petitioner reported no self-employment tax for either year. Respondent timely issued a statutory notice of deficiency on January 27, 1989. In that notice, respondent disallowed the claimed Schedule C losses for each year, the "Other income" loss for each year, and the Schedule E partnership loss for each year. Respondent also disallowed the current investment credit claimed for 1982 and the carryover of unused credits for both years. Respondent *143 also determined self-employment tax for each year, a late filing addition under section 6651(a)(1) for each year, and negligence additions under section 6653(a)(1) and (a)(2) for each year. OPINION This case involves the amount and deductibility of various Schedule C losses, "Other income" losses, partnership losses and investment tax credits. With the disallowance of the losses claimed on the two Schedule C's each year, respondent then determined self-employment tax as to the income petitioner reported on the third Schedule C each year. Petitioner has the burden of proof as to these issues. Welch v. Helvering, 290 U.S. 111, 115, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). He has failed to sustain his burden. [5]
*144 The record establishes that petitioner's 1982 and 1983 Federal income tax returns were filed late. Petitioner has the burden to establish that his failure to timely file such returns was "due to reasonable cause and not due to willful neglect." Sec. 6651(a)(1); Fischer v. Commissioner, 50 T.C. 164, 177 (1968). Petitioner has failed to carry his burden of proof, and we must sustain the late filing additions. [6]
As to the negligence additions, petitioner also has the burden to establish that the underpayment of tax each year was not "due to negligence or intentional disregard of rules and regulations." Sec. 6653(a)(1); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioner has not sustained his burden. Moreover, on this record, we must conclude that the entire underpayment each *145 year was "attributable to the negligence or intentional disregard" within the meaning of section 6653(a)(2). To reflect the above holdings, Decision will be entered for the respondent. Footnotes
*. 50 percent of the interest due on $ 25,015.23 and $ 22,636.63 for the years 1982 and 1983, respectively.↩
1. Although petitioner did not appear or testify at what he now calls his "supposed trial," his counsel complained that respondent had failed to seek documents from petitioner before issuance of the statutory notice of deficiency. The record shows that petitioner ignored letters from the Internal Revenue Service inviting him to contact the revenue agent assigned to examine his returns. The Notice Setting Case for Trial was served on December 6, 1989, for the trial session of the Tax Court commencing May 7, 1990. This case was reached for trial on May 10, 1990. During that five-month notice period, petitioner neither attempted to stipulate to any facts in this case (Rule 91) nor attempted to exchange any documents that he wished to offer into evidence at trial as required by the Court's Standing Pre-Trial Order. In his post-trial opening brief, petitioner for the first time tries to rely on documents and evidence in other cases in this Court. The parties in this case did not agree to be bound by the outcome of those other cases; petitioner did not offer those documents and evidence at the trial of this case; consequently, those materials are not part of the evidentiary record of this case and will not be considered by the Court.↩
2. The Schedule C forms did not include petitioner's Social Security number, main business activity, business name, business address, or employer identification number. In each such line there appeared an asterisk referring to an attached statement. That document stated, inter alia, that "the taxpayer objects to the question or furnishing the information on the grounds of the Fifth Amendment↩ privilege against self-incrimination -- that the answer may tend to incriminate the taxpayer."
3. There is a suggestion in the record that petitioner may have invested in some type of master recording project, vaguely referred to as the R&B Phono Masters and the Margie Evans projects. However, there is no evidence from which the Court can determine that any loss was in fact incurred or that any such loss, if incurred, was deductible.↩
4. There is a bare suggestion in the record that petitioner had a half interest in some type of partnership.↩
5. In his petition, petitioner broadly asserted that the Commissioner's determination of tax and issuance of the deficiency notice "was malicious, arbitrary, capricious, illegal and computed without any factual or legal basis." He also contended that the Commissioner issued the deficiency notice "in retaliation" against petitioner for various actions and because "Petitioner exercised his rights guaranteed by the United States Constitution." Petitioner also failed to produce any evidence to support these charges.↩
6. To the extent, if any, that petitioner is relying on the Fifth Amendment↩ claim attached to each return, we point out that such a statement could have been attached to a timely-filed return.